UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 10/21/96**

TAMAR STIEBER,

      Plaintiff-Appellant,

v.

JOURNAL PUBLISHING
COMPANY, doing business as
Albuquerque Journal,

      Defendant- Appellee.

No. 95-2094
(D.C. No. CIV-93-648-LH)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Tamar Stieber appeals from two summary judgment orders and a jury verdict in favor of her employer, Journal Publishing Co., d/b/a Albuquerque Journal, (Journal) on discrimination and retaliation claims she brought against the Journal. Stieber filed this action pursuant to Title VII, 42 U.S.C. § 2000e to e-5, asserting claims of disparate treatment, disparate impact, and retaliation. The district court granted the Journal's motion for summary judgment on the disparate treatment and disparate impact claims, and granted partial summary judgment on the retaliation claims, dismissing most of those claims. A jury trial on the remaining retaliation claims resulted in a verdict for the Journal.

On appeal, Stieber contends the district court erred in granting summary judgment on the disparate treatment claim and in granting partial summary judgment on the retaliation claims. We review the court's grant of summary judgment de novo, applying the same standards as the district court pursuant to Fed. R. Civ. P. 56(c). <u>Wolf v. Prudential Ins. Co.</u>, 50 F.3d 793, 796 (10th Cir. 1995). After careful review of the entire record submitted on appeal, and after consideration of the parties' arguments in light of the applicable law, we affirm the district court's orders granting summary judgment for substantially the same reasons set forth in its memorandum decisions dated August 26, 1994, and February 9, 1995. We disagree with Stieber's contention that the district court's application of <u>Notari v. Denver Water Dept.</u>, 971 F.2d 585, 588-90 (10th Cir. 1992), to her disparate treatment claim was error. The court's application of

-2-

Notari rather than McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), was a benefit to Stieber given the absence of any evidence to support her disparate treatment claim.

Stieber also raises two issues in connection with her jury trial. First, she contends the court improperly excluded evidence of the retaliation claims that were dismissed on summary judgment, arguing such exclusion prevented her from showing a pattern of retaliatory action. We review the district court's evidentiary ruling only for an abuse of discretion. Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). The Journal argues the district court did not rule such evidence was to be excluded, and, if it did, Stieber failed to object or submit an offer of proof as to evidence she intended to present in order to preserve this issue on appeal. The Journal notes the district court denied its motion in limine on this very issue and points to evidence Stieber presented at trial regarding the dismissed claims. Based on our review of the record, we agree that this issue was not presented to the district court, and therefore decline to consider appellant's arguments. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (argument not raised before district court and no attempt to articulate reason to depart from general rule not to consider).

Second, Stieber contends the district court erred in refusing to give the jury her proposed instruction 39, resulting in "the failure of the Court's instruction to shift the burden of proof to Defendant as required in a mixed motive case." Appellant's Br. at 20. Our review of the court's refusal to give a particular instruction is only for an abuse of discretion, while legal objections are reviewed

de novo.  See United States v. Lee, 54 F.3d 1534, 1536 (10th Cir.), cert. denied, 116 S. Ct. 247 (1995).  We conclude the district court did not err in refusing to give an instruction implicating the mixed motive theory, because we agree with the Journal that there was no direct evidence of retaliation.  See Ramsey v. City and County of Denver, 907 F.2d 1004, 1007-08 (10th Cir. 1990)(discussing direct vs. circumstantial evidence of discrimination), cert. denied, 506 U.S. 907 (1992).  Further, the instruction given adequately stated the law and could not have misled the jury.

The judgment of the district court is AFFIRMED.  The Journal's request for attorney's fees and costs on appeal is DENIED.


Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-